**TOBIN, KESSLER, GREENSTEIN,**
**CARUSO, WEINER & KONRAY, P.C.**
Andrew J. Clark
136 Central Avenue
Clark, New Jersey 07066
Telephone: (732) 388-5454
Facsimile: (732) 388-8711

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELVIS GARDIN, | |
| Plaintiff, | |
| -against- | **CIVIL ACTION** |
| GOOGLE, INC.; MICHELLE HOCKING; JENNY BYRN GUINAN; JOHN DOES 1-10 (fictitious names for persons whose roles and identities are presently unknown); and, ABC COS. 1-10 (fictitious names for partnerships or corporations or other legal entities whose roles and identities are presently unknown), | **COMPLAINT** <br> **(Trial by Jury Demanded)** |
| Defendant. | |

Plaintiff, Elvis Gardin ("Plaintiff"), alleges upon personal knowledge and upon information and belief, as follows:

## PARTIES

1.      Plaintiff is a male citizen of the United States, and a resident of the county of Middlesex, in the State of New Jersey.

2.      Plaintiff was employed by Defendant Google, Inc. (hereinafter, "Google") in its offices located at 111 8th Ave., New York, NY, 10011.

3.      Defendant Google is a high technology company that provides, among other things, internet search engine services.

4.      Defendant Google operates in all states in the United States, including New Jersey.

5.      Defendant Google maintains its corporate offices at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

6.      Plaintiff was supervised by Defendant Google's employee, Defendant Michelle Hocking ("Hocking"), who was employed in Defendant Google's office in Mountain View, CA.

7.      Plaintiff complained about the mistreatment, harassment, and retaliation he suffered while employed by Defendant Google to Defendant Hocking and Defendant Jenny Bryn Guinan (hereinafter, "Guinan"), who was employed in the human resources division in Defendant Google's office in Mountain View, CA.

8.      At all times relevant to this litigation, Defendants Hocking and Guinan were members of Defendant Google's upper management.

9.      At all times relevant to this litigation, Defendants Hocking and Guinan acted in a supervisory capacity with respect to Plaintiff.

10.     At all times relevant to this litigation, Defendants Hocking and Guinan were agents, servants and employees of Defendant Google.

11.     Defendants ABC CORPORATIONS 1-5, said names being fictitious and unknown, jointly and/or severally, were, and are, corporations, limited liability

companies, partnerships, proprietorships and/or other entities that were engaged in the business of providing services to or for the benefit of Defendant Google, and were employers with respect to Plaintiff, and/or took part in the actions complained of herein.

12.     Defendants JOHN/JANE DOES 1-5, said names being fictitious and unknown, jointly and/or severally, were, and are, supervisory employees, managers, agents and/or executives of Defendant Google or of defendants ABC CORPORATIONS 1-5, were supervisory employees with respect to Plaintiff's employment and/or took part in the actions complained of herein.

## NATURE OF THE CLAIM

13.     Plaintiff makes claims of sexual harassment, retaliation, and interference with applicable leave laws, including violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq. (the "FMLA"); and, the New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), against Defendants.

## JURISDICTION AND VENUE

14.     This Court has original subject matter jurisdiction over the FMLA claims pursuant to 28 U.S.C. § 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of rights thereunder.

15.     In addition, this court has supplemental jurisdiction over the claims under the NYCHRL pursuant to 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the Federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

16.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c). Jurisdiction is not founded solely upon diversity of citizenship as Plaintiff sets forth Federal claims.  Plaintiff was a resident of this district when the events and omissions giving rise to the claims alleged herein occurred.  Defendants conduct significant business in this district, and are subject to personal jurisdiction within this district.

17.     Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

18.     Google promotes its core values of "culture and diversity," claiming that it is, "a place that brought together smart, talented people from a diversity of backgrounds, and where you could bring your whole self to work."

19.     Defendant Google avers that employment with the company offers benefits to its employees that are, "designed to take care of the whole you and keep you healthy, whether physically, emotionally, financially or socially."

20.     Plaintiff was employed by Defendant Google from approximately April 8, 2008, until his employment was illegally terminated on May 23, 2011.

21.     At all times relevant to this litigation, Plaintiff was employed with the title of as a "Massage Therapist," for which position Plaintiff was fully qualified.

22.     At all times relevant to this litigation, Plaintiff performed his duties in a manner sufficient to meet the reasonable expectations of his employer.

23.     During the course of Plaintiff's employment, he complained to Defendants Hocking and Guinan that he was the subject of sexual harassment and unwanted sexual advances by a Google engineer who, among other things, engaged in masturbation during a massage session at the New York office.

24. During the course of Plaintiff's employment, Plaintiff's mother became seriously ill and Plaintiff was required to family leave in order to care for his parent.

25. From and after the time that he complained about sexual harassment at his place of employment, Plaintiff was subject to harassment and retaliation by the Defendants, up to and including the creation of pre-textual and malicious "performance improvement plans," and the termination of his employment.

26. From and after the time that Plaintiff took family leave to care for his parents, Plaintiff was subject to harassment and retaliation by the Defendants, up to and including the creation of pre-textual and malicious "performance improvement plans," and the termination of his employment.

27. At all times relevant to this litigation, Plaintiff's job performance met the objective expectations of his employer.

28. Defendants' allegation of "poor performance" is pretextual.

29. Any other alleged basis for the termination of Plaintiff's employment is pretextual.

30. At all times relevant to this litigation, Defendants were subject to the NYCHRL.

31. At all times relevant to this litigation, Defendants were subject to the FMLA.

32. At all times relevant to this case, Plaintiff was gay and was therefore a member of a protected class with respect to his sexual orientation under the NYCHRL.

## COUNT ONE
## Violation of the FMLA

33.     Plaintiff repeats all of the allegations set forth above as though set forth at length herein.

34.     Pursuant to 29 U.S.C. § 2611(4)(A)(i)-(iv), Defendant Google was an "employer," and a "covered employer," within the meaning of the FMLA, with respect to Plaintiff's employment.

35.     Pursuant to 29 U.S.C. § 2611(4)(A)(i)-(iv), Defendants Hocking and Guinan were "employers," and a "covered employers," within the meaning of the FMLA, with respect to Plaintiff's employment.

36.     Plaintiff's leave taking to care for his seriously ill parent was protected activity within the meaning of the FMLA.

37.     From and after the time that Plaintiff took family leave, he was subject to acts of harassment and retaliation from Defendants, up to and including the termination of his employment.

38.     Defendants acts of retaliation, up to and including the termination of Plaintiff's employment, constituted illegal interference with Plaintiff's exercise of his rights under the FMLA, within the meaning of 29 U.S.C. § 2615(a)(1).

39.     Defendants took action to interfere with Plaintiff's FMLA rights when Defendants knew, or showed reckless disregard with respect to whether, such actions were prohibited by statute; rendering Defendants conduct "willful" within the meaning of the FMLA.

40.     Defendants' actions in interfering with Plaintiff's rights were "willful," within the meaning of the FMLA, entitling Plaintiff to "liquidated damages" in addition to all other damages available under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

41.     Defendants' actions in retaliating against Plaintiff for threatening to exercise his FMLA rights were "willful" within the meaning of the FMLA, 29 U.S.C. § 2617(c)(2), entitling Plaintiff to a three (3) year statute of limitations to commence the within action.

42.     Plaintiff requests the relief hereinafter described.


## COUNT TWO
## Intentional Discrimination
## (NYCHRL, New York City Administrative Code § 8-107, et seq.)

43.     Plaintiff repeats all of the allegations set forth above as though set forth at length herein.

44.     The acts of discrimination and retaliation by Defendants took place because of and/or were motivated by Plaintiff's gender and/or sexual orientation.

45.     At the time of his discharge, Plaintiff was a member of a protected class under the NYCHRL with regard to his gender and/or sexual orientation.

46.     At the time of the termination of his employment, Plaintiff was fully qualified by training, experience and performance to perform his job.

47.     At the time of the termination of his employment, Plaintiff was performing his job duties in a manner that met the reasonable expectation of the Defendants.

48.     Upon information and belief, Plaintiff was replaced by someone who was not in the aforementioned protected classes.

49.    The pattern and/or practice of discriminatory acts complained of herein, including the limitation of Plaintiff's job opportunities, the negative evaluation of his performance, the provision of inferior terms and conditions of employment, and the termination of Plaintiff's employment, occurred within the applicable limitations period.

50.    The pattern and/or practice of discriminatory acts complained of herein, which occurred within the applicable limitations period, had a discriminatory impact upon Plaintiff.

51.    With reckless disregard of Plaintiff's rights under the NYCHRL, Defendants deliberately and maliciously terminated Plaintiff's employment.

52.    The violation of Plaintiff's rights has caused Plaintiff considerable hardship, lost past and future income, lost employee benefits and emotional distress.

53.    The foregoing conduct constitutes illegal, intentional discrimination prohibited by the NYCHRL.

54.    Plaintiff requests the relief hereinafter described.


### COUNT THREE
### Sexual Harassment
### (NYCHRL, New York City Administrative Code § 8-107, et seq.)

55.    Plaintiff repeats all of the allegations set forth above as though set forth at length herein.

56.    Plaintiff was the subject of sexual harassment, and a sexually hostile working environment while employed by Defendant Google.

57.    Plaintiff reported the harassment and hostile work environment to Defendants Hocking and Guinan, in accordance with company policy.

58.     Instead of protecting Plaintiff from further harassment, degradation, and humiliation, Defendants did nothing and forced Plaintiff to continue to be exposed to his harasser at his place of employment.

59.     The pattern and/or practice of discriminatory acts complained of herein occurred within the applicable limitations period.

60.     With reckless disregard of Plaintiff's rights under the NYCHRL, Defendants deliberately and maliciously terminated Plaintiff's employment.

61.     The violation of Plaintiff's rights has caused Plaintiff considerable hardship, lost past and future income, lost employee benefits and emotional distress.

62.     The foregoing conduct constitutes illegal, intentional harassment prohibited by the NYCHRL.

63.     Plaintiff requests the relief hereinafter described.

## COUNT FOUR
### Retaliation
### (NYCHRL, New York City Administrative Code § 8-107, et seq.)

64.     Plaintiff repeats all of the allegations set forth above as though set forth at length herein.

65.     Following Plaintiff's complaints about harassment and discrimination, Plaintiff became the subject of retaliation, including false and malicious write-ups and "performance improvement plans," as well as the termination of his employment by Defendant Google.

66.     The pattern and/or practice of retaliatory acts complained of herein occurred within the applicable limitations period.

Case 2:14-cv-03307-SRC-CLW   Document 1   Filed 05/22/14   Page 10 of 14 PageID: 10

67.     With reckless disregard of Plaintiff's rights under the NYCHRL, Defendants deliberately and maliciously terminated Plaintiff's employment.

68.     The violation of Plaintiff's rights has caused Plaintiff considerable hardship, lost past and future income, lost employee benefits and emotional distress.

69.     The foregoing conduct constitutes illegal, intentional harassment prohibited by the NYCHRL.

70.     Plaintiff requests the relief hereinafter described.

## ALLEGATIONS REGARDING RELIEF

71.     Plaintiff repeats all of the allegations set forth above as though set forth at length herein.

72.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief he seeks in this action is the only means of securing complete and adequate relief.  Plaintiff is suffering and will continue to suffer irreparable injury from Defendants discriminatory acts and omissions.

73.     The conduct of the Defendants has caused and continues to cause Plaintiff substantial losses in earnings and other employee benefits.

74.     The conduct of the Defendants has caused and continues to cause Plaintiff to suffer emotional distress, humiliation and embarrassment, to his damage according to proof.

75.     Defendants performed the acts complained of herein with malice and/or reckless disregard of the law.  Plaintiff is entitled to recover punitive damages in an amount according to proof.

10

**PRAYER FOR RELIEF**

76.     WHEREFORE, Plaintiff prays for relief against the Defendants, jointly and severally, as follows:

A.      An order permanently enjoining Defendants from discriminating against or retaliating against Plaintiff or any other employees on any basis forbidden by the FMLA and the NYCHRL.

C.      Full compensation for back pay, benefits and remuneration, with interest.

D.      Full compensation for front pay, benefits and other remuneration, with interest.

E.      Compensatory and consequential damages.

F.      Punitive damages.

G.      Liquidated damages pursuant to the FMLA.

H.      An order requiring defendants to provide proper, accurate references for Plaintiff and to refrain from providing false and inaccurate information which may negatively impact Plaintiff's reputation and/or future employment opportunities.

I.      An order requiring Defendants to purge Plaintiff's personnel file of all documents which contain any negative references to Plaintiff which relate in any way to the subject matter of the within litigation and to provide Plaintiff with a complete certified copy of the purged file.

J.      Attorneys' fees and costs.

K.      Such other legal and equitable relief as the Court may deem just and reasonable.

## JURY DEMAND

Plaintiff, Elvis Gardin, hereby demands a trial by jury as to all causes so triable.

**TOBIN, KESSLER, GREENSTEIN, CARUSO,
WIENER & KONRAY, P.C.**
Attorneys for Plaintiff

By: _____
ANDREW J. CLARK

Dated:  May 22, 2012

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Andrew J. Clark, Esq., as trial counsel in the

above-entitled matter.

**TOBIN, KESSLER, GREENSTEIN, CARUSO,
WIENER & KONRAY, P.C.**
Attorneys for Plaintiff

By: _____
ANDREW J. CLARK

Dated:  May 22, 2012

## DEMAND FOR PRESERVATION OF RECORDS

Demand is hereby made that Defendants preserve:  (i) Plaintiff's complete

personnel/employment file; (ii) the complete personnel/employment file of Defendant

Hocking; (iii) the complete personnel/employment file of Defendant Guinan; (iv) the

complete personnel files regarding any current or former employee of Defendant Google

who has made formal or informal complaints regarding Defendants Hocking or Guinan;

(v) the complete personnel files regarding any current or former employee of Defendant

Google who has made formal or informal complaints regarding gender discrimination/sexual orientation discrimination/sexual harassment during the immediately preceding five (5) years; (vi) the complete personnel files regarding any current or former employee of Defendant Google who has made formal or informal complaints regarding FMLA retaliation; (vii) the complete files and records of any employees and/or committees of Defendant Google that have/has investigated the named Defendants and/or the Plaintiff, and the results of any investigation; and, (viii) the complete files and records of any employees and/or committees of Defendant Google that have/has investigated any claims of gender and/or pregnancy discrimination against any of the named Defendants.

## DEMAND FOR PRESERVATION OF ELECTRONICALLY STORED INFORMATION

Demand is hereby made that, with respect to the matters complained of herein, Defendants preserve all digital and analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used in computers and their backup media (e.g., other hard drives, backup tapes, floppy's, and other media) or otherwise, whether such files have been reduced to paper printouts or not, **including metadata**.  In addition, and more specifically, Defendants are demanded to preserve all e-mails, both sent and received (whether internally or externally) referencing (explicitly or implicitly) the matters complained of herein, Plaintiff, Defendant Hocking and/or Defendant Guinan.

Further, demand is hereby made that Defendants preserve any log or logs of network usage by employees, partners, associates, agents and/or otherwise, whether kept in paper or electronic form, and preserve all copies of backup tapes and the software necessary to

reconstruct the data on those tapes, so that there can be a complete, bit-by-bit "mirror" evidentiary image copy of the storage media containing data referencing (explicitly or implicitly) the matters complained of herein and any of the foregoing persons.

Demand is hereby made that the Defendants not pack, compress, purge or otherwise dispose of files and/or parts of files referencing (explicitly or implicitly) the matters complained of herein and/or any of the foregoing persons, unless a true and correct copy of such electronic file is made. Demand is further made that Defendants preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and if necessary, reconstruct the foregoing electronic data.

With regard to all electronically stored information identified in the foregoing paragraph, demand is hereby made that the Defendants preserve all "metadata" by making mirror images of all hard drives on which such information is electronically stored.

### ATTORNEY CERTIFICATION

I hereby certify that the present matter in controversy is not subject to any other pending actions. The Plaintiff knows of no other parties that should be joined in this matter at this time.

> **TOBIN, KESSLER, GREENSTEIN, CARUSO, WIENER & KONRAY, P.C.**
> Attorneys for Plaintiff
>
> By: _____
> ANDREW J. CLARK

Dated:  May 22, 2012

14